IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BUCK'S, INC., a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:15CV340 |
| v. | ) ) | |
| QUIKTRIP CORPORATION, an Oklahoma Corporation, | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

      This matter is before the Court on the unopposed motion of defendant QuikTrip Corporation ("defendant") to compel non-party James Murray's ("Murray") compliance with a subpoena duces tecum ("subpoena") (Filing No. 30).  On September 29, 2016, defendant filed a brief in support of the motion to compel along with a copy of the subpoena and excerpts from Murray's deposition (Filing Nos. 31, 31-1, and 31-2).

**Background**

      This case involves a dispute regarding the sale of property located at 11105 Sapp Brothers Drive, Omaha, Nebraska ("property") (Filing No. 31 at 1).  Buck's, Inc. ("plaintiff") and defendant both engaged in negotiations with Murray for the sale of the property (*Id*. at 2).[1]  On August 23, 2016, defendant

---

[1] The second page of defendant's brief contains the page number "4."  It is unclear if pages two and three were omitted, or if there is a typographical error.  Regardless, there are sufficient facts within the record for the Court to rule on this motion.

filed a notice of intent to issue the subpoena upon Murray (Filing No. 28).  On September 19, 2016, upon agreement with plaintiff's counsel, Murray was served with the subpoena.  Filing No. 31 at 2; *see also* Filing No. 31-1 at 2.  The subpoena lists the date for production as September 9, 2016 (Filing No. 31-1 at 1).  On September 20, 2016, Murray gave a deposition in this case (Filing No. 31-2 at 1).  Murray was questioned by defendant's attorney regarding the subpoena during his deposition (*Id*. at 5).  During the deposition, defendant's attorney asked, "[Y]ou wanted some time to organize [items related to the sale of the property to QuikTrip], and you'll produce them after you organize them?"  Filing No. 31-2, 5-6.  Murray responded, "I would be glad to."  In response to a question regarding how long Murray needed to provide the requested items, he stated, "I know I can do it in the next week or two."  Filing No. 31-2 at 6.  Murray further agreed to let defendant's attorney know of the progress on September 27, 2016.  On September 29, 2016, defendant filed this motion to compel.

**Law**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  With regard to a subpoena duces tecum, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly

transacts business . . . ." Fed. R. Civ. P. 45(c)(2). "A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in demand." Fed. R. Civ. P. 45(e)(1)(A). A subpoenaed party may object to a subpoena commanding the production of documents in writing before the earlier of the time specified for compliance or fourteen days after service of the subpoena. Fed. R. Civ. P. 45(d)(2)(B). In addition, "A party may move to compel discovery from a non-party under Fed. R. Civ. P. 37. *Gist v. Pilot Travel Centers, LLC*, No. 5:08-CV-293-KKC, 2011 WL 4055788 at *2, (M.D. Tenn. September 12, 2011). Finally, a person who has been served, who fails to comply with the subpoena or an order related to the subpoena without adequate excuse may be held in contempt. Fed. R. Civ. P. 45(g).

**Discussion**

The subpoena at issue here commands production of information in Murray's possession related to the property at issue in this litigation (Filing No. 31-1 at 1). This includes "records pertaining to negotiations with Buck's, Bucky's, Steve Buchanan, Investor's Realty, QuikTrip . . . ." (*Id*.) The Court finds this information relevant to claims and defenses for the plaintiff and defendant in this matter. Accordingly, the issuance of the subpoena was in accordance with Rule 26(b)(1).

On September 19, 2016, Murray was served with the subpoena with a date for compliance of September 9, 2016. Since

the date for compliance had lapsed at the time of service, the Court turns to the fourteen-day time period in which Murray had to file any written objections. See Fed. R. Civ. P. 45(d)(2)(B). Applying this rule and the calculation of time under Rule 6(a)(1), Murray's time for filing a written objection expired on October 3, 2016. Accordingly, the Court will grant the defendant's motion to compel.

IT IS ORDERED:

1) James Murray shall produce the information requested by the subpoena duces tecum served on him on September 19, 2016.

2) The materials requested by the subpoena duces tecum shall be produced by Murray no later than Friday, October 7, 2016.

DATED this 4th day of October, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court