IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUCK'S, INC., a Nebraska Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>QUIKTRIP CORPORATION, an Oklahoma Corporation,<br><br>            Defendant. | 8:15-CV-340<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on QuikTrip's motion to reconsider (filing 47) the Court's October 17, 2016 Memorandum and Order (filing 41). That motion will be denied.

      This lawsuit arises from negotiations for and sale of land in Omaha, Nebraska. Specifically, Buck's, Inc. claims that it had a business expectancy in the property, and that just before Buck's was able to purchase the land, QuikTrip filed a "bogus lien" to "impede [on] the sale." Filing 21 at 13. This action was intentional and unjustified, Buck's claims, and therefore tortious interference. Buck's seeks a constructive trust over the property and lost profits, or, alternatively, an order of judgment against QuikTrip for damages to be proved at trial. Filing 1-1 at 3. QuikTrip filed a counterclaim, seeking to quiet title to the property. Filing 4 at 7.

      QuikTrip moved for summary judgment on all claims. Filing 18. That motion was denied in the Court's October 17 Memorandum and Order (filing 41). QuikTrip then filed the instant motion, urging the Court to reconsider its denial of summary judgment. Filing 47. In support of its motion, QuikTrip points to newly obtained evidence which, it argues, resolves all remaining issues of fact. It also argues that the Court, in denying the motion for summary judgment, improperly relied on deposition testimony, and that such reliance "was a clear and manifest error of law warranting reconsideration." Filing 48 at 1. Buck's counters that material issues of fact remain, and that the Court properly considered the evidence at issue. Filing 55 at 16.

      After reviewing the record, including QuikTrip's newly obtained evidence, the Court concludes that material issues of fact remain as to Buck's claim for tortious interference and QuikTrip's counterclaim to quiet title. The Court further concludes that, upon review of the October 17, 2016

Memorandum and Order, the Court properly considered the evidence before it. Accordingly, there are no grounds for altering or amending the prior Memorandum and Order, and QuikTrip's motion for reconsideration (filing 47) will therefore be denied.

As a final matter, the Court acknowledges the parties' dispute as to whether the instant motion should be construed as arising under Rule 54(b), as QuikTrip argues, or under 60(b), as Buck's contends. For the purposes of this motion, the Court assumes without deciding that the less rigorous standards of Rule 54(b) apply.[1] Indeed, the Court's result would be the same regardless of whether it applied Rule 54(b) or Rule 60(b).

IT IS ORDERED that QuikTrip's motion for reconsideration (filing 47) is denied.

Dated this 22nd day of December, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

[1] As QuikTrip acknowledges, the specific standard for a motion under Rule 54(b) is unclear. However, several federal district courts have found the standard to be "less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)." *Kirt v. Fashion Bug # 3252, Inc.*, 495 F. Supp. 2d 957, 965 (N.D. Iowa 2007); *see also Doctor John's, Inc., v. City of Sioux City*, 438 F. Supp. 2d 1005, 1027 (N.D. Iowa 2006); *Wells' Dairy, Inc. v. Travelers Indemnity Co.*, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004).